IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS, | No. 2:18-CV-0225-KJM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief because the court lacks jurisdiction.

/ / /

/ / /

Under 28 U.S.C. § 2254, habeas corpus relief is available for a person "in custody pursuant to the judgment of a State court. . . ." It is clear from petitioner's petition that he is a pre-trial detainee and that his trial has not yet occurred. Therefore, petitioner is not in custody pursuant to a state court judgment. While federal habeas relief may be available under 28 U.S.C. § 2241 for pre-trial detainees, see McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003), principles of comity and federalism require that this court abstain from hearing such cases until all state criminal proceedings are completed and the petitioner exhausts available state court remedies, see Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971). An exception to this rule applies where there is proven harassment or bad faith prosecution. See Carden, 626 F.2d at 84. In this case, petitioner does not allege harassment or bad faith prosecution. Rather, he argues that California Penal Code § 422 is unconstitutional.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE